IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3293-BO

TRAVIS PETERS-EL, et al., )
                Plaintiffs, )
                 )
v. )     **ORDER**
                 )
UNITED STATES OF AMERICA, et al., )
                Defendants. )

On September 17, 2014, fourteen state inmates housed at Pasquotank Correctional Institution initiated this action by filing a document entitled "TRUTH AFFIDAVIT IN THE NATURE OF SUPPLEMENTAL RULES FOR ADMINISTRATIVE AND MARITIME CLAIMS RULES C(6)" [D.E. 1], together with several declarations and other filings [D.E. 1-1].[1] A notice of deficiency, order explaining the deficiency, and the required forms were sent to each of the fourteen defendants. Nine of the plaintiffs complied with the order and returned the motion to proceed without prepayment forms, while five inmates did not comply with the court order. See, D.E. 3-12. In this posture, the matter is ripe for determination.

The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). In reviewing a case, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

---

[1] Some of the inmates in this suit have now been transferred to other facilities. Interestingly, other inmates, while housed at Pasquotank, have also initiated suits with the same caption and similar meritless allegations. See Martinez v. North Carolina, No. 5:14-ct-3246-D, Order at D.E. 3 (dismissing the case as frivolous).

A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiffs' complaint is a compilation of meritless, ridiculous, and rambling statements. For example, "the United States District Court is not a true United States District Court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed." Compl., p. 4. Further, plaintiffs state they were "kidnapped and taken as hostages at Pasquotank Corr. Inst. without their consent or a contract, the agents, servants and employees of the Defendants mentioned in these claims have been committing the crime of DENATIONALIZATION and GENOCIDE ACT by knowingly, or porposely [sic] obtaining or possesing [sic], etheir [sic] actually or constructively, an abuse of authority to place plaintiffs out of their proper person to . . . infringement contrary to the provisions of the ten (10) essential maxims or precepts in commercial law." Id., p. 9. The complaint continues in this absurd manner for pages, referencing perhaps some type of contractual violation. At one point plaintiffs allege trespass in having to go through a metal detector while incarcerated. At another point, plaintiffs state that under "the federal Depositary Insurance Incorporation have a 10 million dollar policy on which plaintiffs and the rest of the population including everyone across the United States of America worth more dead then they are alive . . ." Id., p. 20. The complaint also makes generalized statements about unsanitary food preparation and or trays as well as nonspecific allegations of plumbing type issues. As relief, they seek in part "the amount of 700,000,000,000 in U.S.A. 999 fine silver coins pursuant to Title 12 Sections 211-212 for each of their nations government against each defendant . . ." as well as "bid bonds" and multiple other absurd requests. Id., at 33-35.

The complaint is frivolous and dismissed on multiple grounds. A criminal judgment is not a financial document the terms of which may be negotiated by commercial codes or contractual

2

principles. See, e.g., Rowe v. Pennsylvania, Civil Action No. 14-2702, 2014 WL 2805239, at *1 (E.D. Pa. June 20, 2014) (unpublished); McCullough v. United States, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011) (unpublished) ("Arguments based on this and other similar theories have been rejected by courts as being frivolous and a waste of judicial resources." (internal quotations omitted; collecting cases)); Crawford v. United States, No. 09-3078-RDR, 2009 WL 1657546, at *1 (D. Kan. June 12, 2009) (unpublished). Plaintiff's reliance on treaties, Bible verses, criminal statutes, and the Uniform Commercial Code is ridiculous. See, e.g., Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004); Serra v. Lappin, 600 F.3d 1191, 1197 n.5 (9th Cir. 2010); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); Huston v. Slanina, No. 12 C 4582, 2012 WL 4464301, at *2 (N.D. Ill. Sept. 24, 2012); Johnson v. Thaler, No. 5:11cv9, 2011 WL 3957452, at *7 (E.D. Tex. Aug. 12, 2011) (unpublished), report and recommendation adopted, 2011 WL 3962222 (E.D. Tex. Sept. 7, 2011) (unpublished); Hampton v. City of Durham, No. 1:10CV706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases). Thus, the court dismisses the complaint in that it alleges any of these allegations as frivolous.

In the cases addressing similar arguments with similarly incorporated language, it has been correctly held that one is not entitled to ignore the laws of the State of North or the United States by claiming membership in the "Moorish-American" nation. See, e.g., United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders"); Allah El v. Dist. Att'y for Bronx County, No. 09 Civ. 8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence"); cf. El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009) (unpublished) (any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are frivolous); and Caldwell

3

v. Wood, 2010 WL 54416670 * 17 (W.D.N.C. 2010) (unpublished) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-America' nation is ludicrous.").

Thirdly, "[t]o state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). No personal involvement by defendants has been articulated, nor has any understandable policy or custom been questioned. Furthermore, none of the named defendants, the United States, State of North Carolina, Pasquotank County, Elizabeth City, and North Carolina Department of Public Safety, are proper parties. Will v. Michigan Dep't of State Police, 491 U.S. 48, 71 (1989) (Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983); Monell v. Department of Social Servs., 436 U.S. 658 (1978) (A county may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." ); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); Iglesias v. Woldford, 539 F. Supp.2d 831 841 (E.D.N.C. 2008); Smith v. N.C.D.O.C., 2007 WL 1200097 (W.D.N.C. 2007); Moore v. City of Asheville, 290 F. Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity); Ngiraingas v. Sanchez, 495

4

U.S. 182 (1990); Long v. City of Charlotte, 306 N.C. 187, 208, 293 S.E.2d 101, 115 (1982) ("We hold that in the absence of statutory provisions to the contrary, municipal corporations are immune from punitive damages."). Lastly, not one single fact has been articulated linking any alleged malfeasance, such as conditions of confinement, to any of the named plaintiffs. No injury from any allegation has been outlined, nor has it been linked to a single plaintiff. See, Farmer v.. Brennan, 511 U.S. 825, 834 (1994); Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir.1993); 42 U.S.C. § 1997(e) (prisoner cannot maintain a § 1983 action for mental or emotional injury absent physical injury). Again, the matter is completely meritless and dismissed as frivolous.

In an abundance of caution, the court also finds that any allegations not specifically set out and addressed are too generalized and conclusory, without a basis in fact, meritless, and likewise dismissed. White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); see also Adams v. Rice, 40 F.3d at 74 (conclusory allegations of retaliation are frivolous).

Quite simply, plaintiffs have failed to state a claim for which relief can be granted even when construing his petition liberally and the complaint is completely frivolous. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Importantly, the court believes that amendment would be futile, and plaintiffs will not be granted leave to amend. Tate v. Morris County Prosecutors Office, 284 F.App'x 877, 879 (3d Cir. 2008) (futility as grounds to dismiss without granting leave to amend).

5
Case 5:14-ct-03293-BO   Document 14   Filed 06/05/15   Page 5 of 6

In sum, the court DISMISSES plaintiff's complaint as frivolous under 28 U.S.C. § 1915A. All pending motions are DENIED [D.E. 4-12]. The clerk is DIRECTED to close the case.

SO ORDERED, this 5 day of June 2015.

TERRENCE W. BOYLE
United States District Judge